DECISION
Plaintiff appeals the real market value of 61 lots (subject property) located in the Monticello Estates subdivision in Deschutes County. (See Attachment 1.) A trial was held by telephone on March 16, 2011. John Roeder (Roeder), member of Plaintiff, appeared and testified on behalf of Plaintiff. Sarah Malikowski (Malikowski), Registered Appraiser II, Deschutes County Assessor's Office, appeared and testified on behalf of Defendant. Defendant's Exhibits A, B, C, E, and G were received without objection. As a preliminary matter, Malikowski made a motion to dismiss this case because Plaintiff did not provide any exhibits. In response, Roeder expressed his intention to present testimony concerning the purchase price of the subject property. The court declined to rule on Defendant's motion to dismiss at the time it was made and will address that motion in this Decision.
 I. STATEMENT OF FACTS
Plaintiff purchased the subject property from Sterling Savings Bank for $1,320,000 on September 23, 2009. (Def's Ex A at 1.) Roeder testified that the price per lot was approximately $20,000. Roeder testified that Plaintiff requests a value of $17,500 per lot based on his purchase price; he testified that that is the best evidence of value in this case. *Page 2 
Malikowski testified that, based on First Interstate Bank ofOregon v. Dept. of Rev., 306 Or 450, 760 P2d 880 (1988) andDeschutes Landing LLC v. Deschutes County Assessor, TC-MD No 090599C (January 13, 2011), Defendant does "not consider[] the purchase price as a comparable sale * * * [because] each lot must be valued as an individual, therefore bulk purchases are not reflective of a single market transaction. Typically a bulk purchase would receive a `developer's discount' and the reflected price per lot would be lower than that of a single purchase." (Id.) Malikowski identified comparable sales that occurred in late 2008 and early 2009 and found that those sale prices ranged from approximately $45,000 to $85,000. (See Def's Ex C at 16.) Malikowski testified that, prior to foreclosure, the subject property had been listed from September 2008 to March 2009 at $6.1 million for approximately 100 lots. Defendant requests that the court sustain the values determined by the board of property tax appeals (board).
 II. ANALYSIS
The issue in this case is the real market value of the subject property for the 2009-10 tax year. Real market value is defined as "the amount in cash that could reasonably be expected to be paid by an informed buyer to an informed seller, each acting without compulsion in an arm's-length transaction occurring as of the assessment date for the tax year." ORS 308.205.[1] The assessment date for the 2009-10 tax year was January 1, 2009. ORS 308.007; ORS 308.210. Plaintiff has the burden of proof and must establish its case by a preponderance of the evidence. ORS 305.427. A "[p]reponderance of the evidence means the greater weight of evidence, the more convincing evidence." Feves v. Dept. ofRevenue, 4 OTR 302, 312 (1971). Plaintiff "must *Page 3 
establish by competent evidence what the appropriate value of the property was as of the assessment date in question."Woods v. Dept. of Rev. (Woods), 16 OTR 56, 59 (2002).
A. Motion to Dismiss
Defendant made a verbal motion to dismiss at the outset of the trial based on Plaintiff's failure to submit any exhibits. Roeder responded that he intended to testify concerning the purchase price of the subject property. Tax Court Rule (TCR) 60 addresses a motion for dismissal at trial.[2] This court has stated that, in order to prevail under TCR 60, "the moving party must demonstrate that the record contains no evidence to support the nonmoving party's claim or claims. The court will not weigh the evidence; rather, it will consider the entire record and afford the nonmoving party all reasonable inferences drawn therefrom, in the light most favorable to that party." Freitag v. Dept. of Rev.,18 OTR 368, 373-74 (2005) (citations omitted). InLeaper v. Dept. of Rev. (Leaper),19 OTR 388, 392 (2007) (footnote omitted), the "[t]axpayer provided little in the way of testimony and exhibits to support her position, mainly relying on her opinion of the property's value." The court ruled that the taxpayer's opinion of value "was sufficient to defeat the county's TCR 60 motion for dismissal at trial."Id. (citation omitted). Here, as in Leaper, Plaintiff's evidence in the form of Roeder's testimony concerning the purchase price of the subject property is sufficient to overcome Defendant's motion to dismiss.
B. Purchase Price
"A recent sale of the [subject] property * * * is important in determining its market value. If the sale is a recent, voluntary, arm's length transaction between a buyer and seller, both of *Page 4 
whom are knowledgeable and willing, then the sales price, while certainly not conclusive, is very persuasive of the market value."Kem v. Dept. of Rev.,267 Or 111, 114, 514, P2d 1335 (1973) (citations omitted). The Court "emphasize[d] that a recent sale of the subject property is not necessarily determinative of market value and does not foreclose other methods of valuation[.]" Id. at 115. Plaintiff's sale, which closed more than nine months after the assessment date, was not "recent" with respect to the January 1, 2009, assessment date and would require an adjustment for time. Additionally, Malikowski testified that bulk lot sales, such as the sale of the subject property in this case, do not reflect the real market value of each individual lot due to the "developer's discount."
C. Approaches of Valuation — Real Market Value
There are three methods used to determine real market value: the cost approach, the income approach, and the sales comparison or market approach. Allen v. Dept. of Rev.,17 OTR 248, 252 (2003). All three approaches must be considered, although "it may be that all three approaches cannot be applied" for a particular property. OAR 150-308.205-(A)(2)(a). The subject property is residential property. Defendant presented a sales comparison approach. Plaintiff relied on its purchase price which occurred more than nine months after the assessment date. Neither party considered the cost approach or the income approach.
"Under the sales comparison approach, the value of a property is derived by `comparing the subject property with similar properties, called comparable sales.' That comparison is based on many factors, and adjustments are made for any differences between the comparable sales and the subject property so that the appraiser can derive a value for the subject property." Magno v. Dept. of Rev.,19 OTR 51, 58 (2006) (citations omitted). Thus, "[t]he court looks for arm's length sale transactions of property similar in size, quality, age and location" in order to *Page 5 
determine the real market value of the subject property.Richardson v. Clackamas County Assessor, TC-MD No 020869D, WL 21263620 at *3 (Mar 26, 2003).
Plaintiff offered no competent evidence other than the purchase price of the subject property on September 23, 2009, to support its claim that the purchase price was the subject property's real market value. Plaintiff has failed to meet the burden of proof with respect to the value of the subject property as of the January 1, 2009, assessment date.
 III. CONCLUSION
After carefully considering the testimony and evidence, the court concludes that Plaintiff has failed to establish by a preponderance of the evidence that a reduction in the 2009-10 real market value is warranted. Accordingly, the 2009-10 real market value established by the board is hereby sustained. Now, therefore,
IT IS DECIDED that Defendant's motion to dismiss is denied; and
IT IS FURTHER DECIDED that Plaintiffs appeal is denied.
Dated this ____ day of April 2011.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged.
 This document was signed by Magistrate Pro Tempore Allison R.Boomer on April 11, 2011. The Court filed and entered this documenton April 11, 2011.
[1] All references to the Oregon Revised Statutes (ORS) and to the Oregon Administrative Rules (OAR) are to 2007.
[2] TCR 60 is made applicable through the Preface to the Magistrate Division rules, which states in pertinent part that, "[i]f circumstances arise that are not covered by a Magistrate Division rule, rules of the Regular Division of the Tax Court may be used as a guide to the extent relevant." *Page 1